UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY R. GONZALES,<br><br>Petitioner,<br><br>v.<br><br>KELLY HARRINGTON, Warden,<br><br>Respondent. | No. C 11-02018 JSW (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner Anthony R. Gonzales, a California prisoner proceeding *pro se*, filed a habeas corpus petition pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The Court ordered Respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support, and has lodged exhibits with the court. Petitioner did not file a traverse although given an opportunity to do so. For the reasons set out below, the petition is DENIED.

## BACKGROUND

**I.    Procedural Background**

On February 2, 2008, Petitioner was convicted in Santa Cruz County Superior Court of conspiracy to commit robbery (Cal. Pen. Code §§ 182(a)(1), 211), murder (id. §§ 187-189), four counts of robbery (id. §§ 211, 212.5), and three counts of attempted robbery (id. §§ 211, 212.5, 664). As enhancements, the jury found that (1) Petitioner personally and

intentionally discharged a firearm and proximately caused great bodily injury or death during the commission of two of the counts, (id. §§ 12022.53(c), (d), (e)(1)); (2) Petitioner personally used a firearm during the commission of seven of the counts (id. §§ 12022.53(b), (e)(1); (3) Petitioner committed seven of the counts for the benefit of a criminal street gang (id. § 186.22(b)(1)); and that (4) Petitioner had a prior prison term (id. § 667.5(b)).  The jury also found the special circumstance of robbery-murder (id. § 190.2(a)(17)(A)).  The trial court sentenced Petitioner to a total term of 92 years and eight months to life in state prison on March 20, 2008.

On February 24, 2010, the California Court of Appeal affirmed the conviction, and the California Supreme Court denied a petition for review on May 12, 2010.  Petitioner filed the instant federal petition on April 25, 2011

## II.  Factual Background

The Court of Appeal summarized the facts of the case as follows:

> On July 25, 2004, defendant and two other men were driving to the location of a liquor store that they were intending to rob. [FN2] On the way, they saw a small group of men playing poker in a driveway. They decided to rob people at the scene. They parked, walked into the driveway, and announced their purpose. One was carrying a shotgun and another a handgun. The shotgun-wielding perpetrator ordered one of the card players, Rodolfo Rivas Escobar, to hand over his money. Rivas Escobar refused and the man shot him in the head, killing him instantly. One or more of the assailants stole money from the poker game's pot and all of them fled.
>
>> FN2. One witness, however, testified that he thought there were two assailants in total rather than three.
>
> An eyewitness identified defendant in court as the man who killed Rivas Escobar with a shotgun. Another eyewitness testified that she identified defendant as the shooter in a photograph lineup, though her written statement at the time showed a degree of equivocation. [FN3] This eyewitness was too afraid to attempt to identify defendant in court.
>
>> FN3. The witness wrote, after identifying defendant as the shooter in the photograph lineup, that "Number 4 [defendant] looks like the one who shot the guy but not really, and it's because he didn't have a bottom mustache and the guy who shot him looked like he didn't have any hair."
>
> One or more eyewitnesses also testified that the shooter was wearing a black hooded sweatshirt and tan or similarly colored gloves. Defendant's and the

victim's deoxyribonucleic acid were found on a hooded sweatshirt found nearby and on a tan glove found in the getaway vehicle.

Ans. Ex. A at 3-4.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority under the first clause of Section 2254(d)(1) only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams (Terry)*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority under the second clause of Section 2254(d)(1), if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *See id.* at 409.

3

**ANALYSIS**

Petitioner claims that the trial court violated his right to due process by instructing the jury on an incorrect theory of derivative criminal liability. Specifically, Petitioner claims that conspiracy is not a valid theory of "vicarious or derivative criminal liability for crimes committed by a coconspirator" in California and that therefore, the trial court erred when it instructed the jury that Petitioner could be found guilty of murder and the multiple robbery and attempted robbery charges based on such a theory. (Pet. Attach. at 1.)

Respondent argues that the claim fails on its premise because the issue is purely one of state law and the findings of the state court with respect to its own laws are binding on this Court. Ans. at 4.

The California Court of Appeal summarized what happened at trial with respect to this claim:

> The trial court instructed the jury: "I have explained that the defendant may be guilty of a crime if he either commits the crime or aids and abets the crime. He may also be guilty if he is a member of a conspiracy." [footnote omitted.] The instruction then proceeded to discuss only the substantive conspiracy charge brought in count one. The initial language just quoted, however, applied to all of the charges. Moreover, the prosecutor argued at some length that defendant could be convicted as a conspirator on counts three through nine – that is, the counts other than those bringing the substantive conspiracy charge in count one and the murder charge in count two. [footnote omitted.] Regarding count two, the prosecutor emphasized the doctrine that a person is liable for crimes that are the natural and probable consequences of the conspiracy (*People v. Prieto* (2003) 30 Cal.4th 226, 249-250). [footnote omitted.] It is reasonably likely that the jury understood the instructions in the manner that defendant finds objectionable. (See *People v. Ayala* (2000) 24 Cal.4th 243, 289; *People v. Clair* (1992) 2 Cal.4th 629, 663.) The question remains, however, whether they were objectionable.
>
> [¶]...[¶]
>
> We review independently the superior court's action of instructing the jury on the conspiracy theory of liability. [citation omitted.]

Ans. Ex. A at 4-8.

After restating Petitioner's arguments in detail, the Court of Appeal rejected this claim and found that conspiracy is clearly a valid theory of criminal liability under California law.

> We do not agree. It suffices to observe that in *In re Hardy*, *supra*, 41 Cal.4th at pages 1025-1026, our Supreme Court declared, "One who conspires with others to commit a felony is guilty as a principal. (§ 31.) '"..." [Citations.]'

4

> [Citation.] Thus, if petitioner conspired with others to kill the victims for financial gain, he is guilty of their murders as the person who actually stabbed them." Because the Supreme Court has recently declared without reservation that section 31 forms the basis for criminal liability based on conspiracy, we are constrained to reject defendant's claim.
>
> In sum, defendant has an intriguing argument based on the plain language of section 31 but not one supported by Supreme Court precedent. In *People v. Dole*, *supra*, 122 Cal. at page 492, the court stated, as noted, that "Aside from the person who directly commits a criminal offense, no other is guilty as principal unless he aids *and* abets. (Pen. Code, [§§] 31, 971.)" As the *Dole* court's italicization of the conjunctive "and" hints at, and as the rest of the paragraph containing the quoted language confirms, the court was explaining that a conviction on an aiding and abetting theory may be obtained only if the prosecution proves beyond a reasonable doubt that the actor both aided and abetted the perpetrator – it is not enough to just aid or just abet. (*Ibid.*) *Dole* did not consider the point defendant argues here, and, of course, cases are not authority for propositions not considered. *(People v. Avila* (2006) 38 Cal.4th 491, 567.) ....
>
> [¶]...[¶]
>
> For these reasons, we are constrained to reject defendant's claim under the command of *Auto Equity Sales, Inc. V. Superior Court* (1962) 57 Cal.2d 450, 455.

Ans. Ex. A at 10-12.

The United States Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. *See Swarthout v. Cooke*, 131 S. Ct. 859, 861-62 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Therefore, the state courts' alleged misapplication of its own laws is not a matter warranting federal habeas relief. Furthermore, the state's highest court is the final authority on the law of that state. *Sandstrom v. Montana*, 442 U.S. 510, 516-17 (1979). Here, the Court of Appeal discussed at length the state supreme court precedent with respect to conspiracy theory of liability under California law and ultimately rejected Petitioner's claim. A state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *Hicks v. Feiock*, 485 U.S. 624, 629 (1988). Accordingly, Petitioner's claim that the trial court committed instructional error is without merit.

///

///

**CONCLUSION**

For the foregoing reasons, the petition for a writ of habeas corpus is DENIED. Petitioner has failed to make a substantial showing that his claims amounted to a denial of his constitutional rights or demonstrate that a reasonable jurist would find this Court's denial of his claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Consequently, no certificate of appealability is warranted in this case.

The clerk shall enter judgment and close the file.

IT IS SO ORDERED.

DATED: September 10, 2012

JEFFREY S. WHITE
United States District Judge